IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK MION SCHWARMAN,

    Plaintiff,

v.   No. 13-cv-0161 SMV/CG

DANIEL LOPEZ, JOANN SALOME,
KARLA J. MONTOYA,
BD OF REGENTS FOR NEW MEXICO INSTITUTE
OF MINING & TECHNOLOGY, and NEW MEXICO
INSTITUTE OF MINING & TECHNOLOGY,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Doc. 14], filed on April 4, 2013. Plaintiff responded on April 19, 2013. [Docs. 19, 20]. Defendants filed a Notice of Completion of Briefing [Doc. 21] on May 1, 2013, which indicated that they would not reply. No hearing is necessary because the Motion can be decided on the briefing. The Court has considered the briefing and the relevant law and, being fully advised in the premises, FINDS the motion is well-taken and should be granted.

Plaintiff filed his Complaint [Doc. 1] on February 19, 2013, pursuant to 28 U.S.C. § 1983, asserting that Defendants violated his rights under Title VII of the Civil Rights Act by failing to hire him—and instead hiring a less qualified candidate—because he is a non-Hispanic Caucasian. [Doc. 1] at 6. He further alleges that the "hiring and selection policies and practices used by New Mexico Institute of Mining and Technology appear defective and at variance to statutory requirements." *Id.*

To support his claims, Plaintiff alleges that he submitted an application for employment in person on April 8, 2011, and beforehand, confirmed in two ways that the position was still open. [Doc. 1] at 5. He alleges that the "New Mexico Tech website" indicated that the position was open, and he alleges that when he submitted the application, the "receiving clerk" verified that the position was open. [Doc. 1] at 5. However, by letter dated April 13, 2011, Plaintiff was informed that his application was received after the position had closed. [Doc. 1] at 5. Plaintiff concludes that he was "discriminated against because he is a non-Hispanic Caucasian" in violation of Title VII.[1] [Doc. 1] at 4–6. All Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6). [Doc. 14].

### Standard for Motion to Dismiss Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With respect to the Rule 12(b)(6) motion, plausibility means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663. The factual allegations in the

---

[1] Plaintiff complains that he requested numerous materials during a related Equal Employment Opportunity Commission (EEOC) investigation, but his requests either went unanswered or the responses were not satisfactory. [Doc. 1] at 5–6. Plaintiff also attaches to his Complaint some materials that appear to be part of the administrative proceedings at the EEOC. [Doc. 1] at 8–17.

complaint against defendants "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

Stated differently, the Rule 12(b)(6) analysis requires two inquiries. First, courts identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 678. Second, courts consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 680–81. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *See id.* at 682–83. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* at 678.

**Standard for Title VII Claim of Race-Based Discrimination**

There are slightly different standards for establishing a prima facie case for race-based discrimination depending on whether the plaintiff is a member of a racial minority or not.  For example, a plaintiff who *is* a member of a racial minority has the burden to show:

> (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  Alternatively, such a plaintiff may present direct proof of discriminatory intent.  *Ortega v. Safeway Stores, Inc.*, 943 F.2d 1230, 1236 (10th Cir. 1991).

A plaintiff who is *not* a member of a racial minority can establish his claim for "reverse discrimination" in one of two ways.  First, "in lieu of showing that he belongs to a protected group, [he must] establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority."  *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992).  Alternatively, such a plaintiff must show "direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the plaintiff's status the challenged employment decision would have favored the plaintiff[.]"  *Id.* at 590.  "[I]t is not enough, under this alternative formulation, for a plaintiff merely to allege that he was qualified and that someone with different characteristics was the beneficiary of the challenged employment decision."  *Id.*

## Analysis

At this stage of litigation the Court presumes that all Plaintiff's factual allegations—but not legal conclusions—are true. *See Iqbal*, 556 U.S. at 884. He need not produce any evidence at this stage.

Defendants move to dismiss, arguing that Plaintiff has failed to plead facts that, if taken as true, would state a claim for reverse discrimination under *Notari*. [Doc. 14] at 8–9. Plaintiff responds that he is a member of a racial minority,[2] and therefore, his claim should not be analyzed under *Notari*. [Doc. 19] at 4. Next, he argues that he has met the *Twombly/Iqbal* pleading threshold because "Defendants are well aware of the claim and the basis of the claim." [Doc. 19] at 3. He explains that a position for employment cannot be both open and closed at the same time. He impliedly argues that he had a right to apply for work and that Defendants denied him that right. [Doc. 19] at 3. Plaintiff further indicates that he cannot "supply further facts nor bring greater clarity to his pleading," as is required under *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing the *Twombly/Iqbal* standard) because Defendants have not "supplied" him with those facts. [Doc. 19] at 2. Finally, Plaintiff responds that the statistical information the he received during the EEOC proceedings is "flawed." [Doc. 19] at 1.

None of Plaintiff's arguments is persuasive. Regardless of whether the Complaint is analyzed under the *McDonnell Douglas* standard (as Plaintiff urges) or under the *Notari* reverse discrimination standard (as Defendants urge), it still falls short. For example, Plaintiff has not alleged that "after his rejection, the position remained open and the employer continued to seek

---

[2] Plaintiff provides statistics that he argues establish that "White non-Hispanic" people are in the minority in Socorro County, New Mexico. Therefore, he argues that, as a White man, he is actually a racial *minority*. [Doc. 19] at 4–5.

applicants from persons of complainant's qualifications." *See McDonnell Douglas*, 411 U.S. at 802. Indeed, he alleges the opposite. Plaintiff alleges that when Defendants became aware of his application, they closed the position out of racial prejudice against him. Also, Plaintiff does not allege facts that, if true, could establish "direct proof of discriminatory intent." *See Ortega*, 943 F.2d at 1236. Thus, the Complaint fails to state a claim under the traditional *McDonnell Douglas* standard that Plaintiff advocates.

Similarly, the Complaint fails to state a claim under the *Notari* reverse-discrimination standard. The Complaint does not allege facts that, if true, could "support an inference that the [Defendants are] one of those unusual employers who discriminates against the majority." *See Notari*, 971 F.2d at 589. Nor does the Complaint allege facts that, if proven, would establish "direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the plaintiff's status the challenged employment decision would have favored [Plaintiff.]" *See id.* at 590.

Even if everything that Plaintiff alleges were true, his Complaint would still fail to pass muster under *Twombly/Iqbal*. Plaintiff argues in his Complaint that he is a non-Hispanic Caucasian who was denied employment because of his race. As support, he alleges only that Defendants' purported reason for rejecting his employment application—that it was submitted after the position closed—cannot be true. Plaintiff alleges that the position, in fact, was open when he applied and that a less qualified candidate was hired.[3] Even taking those allegations as

---

[3] In reviewing a motion to dismiss, the Court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint" and may not consider allegations asserted in briefing or otherwise outside the complaint. *See Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir. 2008). Thus, Plaintiff's claim that Defendants hired "somebody of another race/ethnicity" may not be considered. *See* [Doc 19] at 3.

true, they do not suffice to state a claim because they satisfy neither the *McDonnell Douglas* standard nor the *Notari* standard.  In fact, Plaintiff alleges nothing at all that could be construed as a nexus between his race and his employment rejection.

Plaintiff argues that he has met the *Twombly/Iqbal* standard because Defendants "are well aware of the claim and the basis of the claim."  [Doc. 19] at 3.  The Court disagrees.  The Complaint is not deficient because Defendants are unaware of the basis of the claim.  Rather, the Complaint is deficient because the facts that Plaintiff alleges are not actionable under Title VII.

Plaintiff also argues that he cannot "supply further facts nor bring greater clarity to his pleading," because Defendants have not "supplied" him with those facts.  [Doc. 19] at 2.  However, Plaintiff has cited to no authority—and the Court is aware of none—to support his presumption that Defendants are under any duty to supply him with sufficient facts to support his lawsuit.  Indeed, the law is clear that the burden to allege sufficient facts is on Plaintiff and Plaintiff alone.  *E.g., Iqbal*, 556 U.S. at 678.

Plaintiff's challenges to the statistical information attached to his Complaint are irrelevant because they do not bear on whether he has pleaded facts sufficient to state a claim under *McDonnell Douglas* or *Notari*.  Lastly, Plaintiff's assertion that the "hiring and selection policies and practices used by New Mexico Institute of Mining and Technology appear defective and at variance to statutory requirements" is wholly conclusory and unsupported by his factual allegations.  *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996) ("[C]onclusory

---

However, even if it were considered, the Complaint would not be saved.  Even with the additional allegation, the Complaint still falls short of either the *McDonnell Douglas* standard or the *Notari* standard.

allegations without supporting factual averments sufficient to state such a claim on which relief can be granted") (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## Conclusion

Because the facts alleged by Plaintiff, even if true, do not state a claim, the Motion to Dismiss should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Dismiss [Doc. 14] is **GRANTED**, and the action is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**